IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

TOMMY JUNIOR RICHMOND,        )
                              )
        Petitioner,            )
                              )   1:12CV693
    v.                        )   1:06CR431-1
                              )
UNITED STATES OF AMERICA,     )
                              )
        Respondent.            )

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner Tommy Junior Richmond, a federal prisoner, has filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [1:06CR431-1, Doc. #24]. Petitioner was convicted of one count of possession of a firearm following a felony conviction in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). He was sentenced to 188 months of imprisonment under the Armed Career Criminal Act (ACCA). Petitioner later brought the present Motion [Doc. #24] in which he argues that his sentence is invalid because he no longer has the necessary predicate offenses to qualify as an Armed Career Criminal under § 924(e) in light of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011).

The Government initially filed a Response [Doc. #29] opposing Petitioner's claim as being untimely and meritless. However, following an Order for further briefing, the Government filed a Supplemental Response [Doc. #34] conceding that, based on Simmons and the later case of United States v. Newbold, ___ F.3d ___, 2015 WL 3960906 (4th Cir. June 30, 2015), the predicates relied upon for the ACCA enhancement in this case would no

longer qualify as ACCA predicate offenses. Based on this determination, the Government concedes that Petitioner's sentence should be vacated and that this matter should be set for resentencing. As part of this concession, the Government specifically waives its statute of limitations argument.[1] The parties thus agree that pursuant to the § 2255 Motion, Petitioner should be resentenced.

Under 18 U.S.C. § 924(e), an Armed Career Criminal 15-year mandatory minimum sentence applies if a person violates 18 U.S.C. § 922(g) as a felon in possession of a firearm and has three previous convictions for "a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e). A qualifying crime is a serious drug offense for purposes of 18 U.S.C. § 924(e) if it is one "involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance" and is a crime "for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A).

Here, the Government concedes that one of Petitioner's predicate convictions, a conviction for the sale of cocaine obtained in Person County, North Carolina, on November 28, 1990, for an offense dated January 25, 1990, is no longer a proper predicate in light of Simmons, as interpreted in Newbold. The state court judgment reveals that Petitioner faced

---

[1] The Court construes this concession as a waiver of any waivable defenses that might otherwise apply, and the Court will proceed on the basis of that waiver. See Day v. McDonough, 547 U.S. 198, 202 (2006) (holding that it would be "an abuse of discretion to override a State's deliberate waiver of a limitations defense"); Wood v. Milyard, 132 S. Ct. 1826, 1830 (2012) ("A court is not at liberty, we have cautioned, to bypass, override, or excuse a State's deliberate waiver of a limitations defense."); see also Yeatts v. Angelone, 166 F.3d 255, 261 (4th Cir. 1999) ("[T]he issue of procedural default generally is an affirmative defense that the state must plead in order to press the defense thereafter.").

a presumptive term of three years and a theoretical maximum sentence of ten years for this offense. (Response, Attach. A.) However, he received a sentence of five years pursuant to a plea bargain, and the state court judge made no findings of any aggravated factors. The Government concedes that, under Newbold, 2015 WL 3960906, at *6-7, Petitioner did not actually face a sentence of ten years under North Carolina's Fair Sentencing Act, which was in effect at the time of Petitioner's conviction. Therefore, this conviction no longer counts as a serious drug offense under the ACCA. Because this was one of the predicate offenses relied upon at sentencing, the Government agrees that resentencing is appropriate, and any further issues regarding any of Petitioner's other prior convictions can be addressed at the resentencing.

Therefore, based on this determination, and based on the concession by the Government that Petitioner is entitled to sentencing relief under § 2255, the Court will recommend that Petitioner's Motion to Vacate, Set Aside or Correct Sentence be granted and that this matter be set for resentencing.

IT IS THEREFORE RECOMMENDED that Petitioner's Motion under 28 U.S.C. § 2255 [Doc. #24] be GRANTED, that Petitioner's sentence be VACATED, and that this matter be set for resentencing in light of the Government's concession.

This, the 31st day of July, 2015.

       /s/ Joi Elizabeth Peake
    United States Magistrate Judge